# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3943

_____

United States of America,        *
                          *

         Appellee,         *
                          *
                          *    Appeal from the United States
      v.                  *    District Court for the
                          *    Western District of Missouri.

William J. Dixon,          *
                          *      [UNPUBLISHED]
         Appellant.       *

_____

Submitted: December 7, 2005
Filed: December 29, 2005

_____

Before MURPHY, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

William J. Dixon appeals the 108-month prison sentence the district court[1] imposed after he pleaded guilty to unlawful possession of a firearm as a previously convicted felon. See 18 U.S.C. §§ 922(g)(1), 924(a)(2) (10-year maximum prison term). He maintains that the district court violated Blakely v. Washington, 124 S. Ct. 2531 (2004), by enhancing his sentence based on judge-found facts. The government argues that the appeal should be dismissed, noting that Dixon executed a written plea agreement in which he specifically waived his right to "appeal or otherwise challenge

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

the constitutionality or legality of the Sentencing Guidelines," and generally agreed not to appeal his sentence on any ground unless the sentencing court departed upward or imposed "a sentence in excess of the statutory maximum" or "in violation of law apart from the Sentencing Guidelines."

We enforce this appeal waiver. At the guilty-plea hearing, the district court discussed the waiver with Dixon, ensuring that Dixon was pleading guilty voluntarily, and Dixon does not challenge the validity of the plea agreement on appeal. The constitutional challenge falls within the scope of the waiver, and no miscarriage of justice would result from enforcing the waiver. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir.) (en banc), cert. denied, 540 U.S. 997 (2003). Dixon offers two arguments to avoid the appeal waiver: first, that his pre-Blakely plea agreement could not have waived "rights that he didn't know existed prior to the Blakely decision," and second, that his appeal is permitted by the waiver's language, as the challenged enhancements – which were based on judge-found facts – resulted in a sentence "in violation of law apart from the Sentencing Guidelines" and "in excess of the statutory maximum" under Blakely. Both arguments are unavailing. See United States v. Young, 413 F.3d 727, 729-30 (8th Cir. 2005) (where pre-Blakely agreement stated "defendant agrees not to appeal or otherwise challenge the constitutionality or legality of the Sentencing Guidelines," holding that Blakely challenge to sentencing enhancements made pursuant to judge-found facts came within waiver's scope; also rejecting argument that after Blakely, top of Guidelines range constitutes "statutory maximum").

Accordingly, we dismiss the appeal.

_____